# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JANE BUCK,

                            **Plaintiff,**

-vs-                                    **Case No.  6:08-cv-477-Orl-35DAB**

ANDERSON-COLLINS, INC., f/k/a
Sanford-Orlando Kennel Club, Inc.,
COLLINS & COLLINS, d/b/a CCC Racing,
JACK COLLINS, JR.,

                           **Defendants.**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANTS' OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT (Doc. No. 25)** |
| **FILED:** | **February 6, 2009** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA

claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff accepted Defendants' offer of judgment for $10,836.84 on January 27, 2009. Doc. No. 25-3. Based on Plaintiff's Responses to Court Interrogatories, Plaintiff was employed by Defendants as a security guard, making $6.79 per hour; she alleges that she was not paid time and one-half for an average of 12 hours per week from January 12, 2005 to October 2007, and she alleged that she was owed $5,418.42 in overtime wages and $5,418.42 in liquidated damages for a total of $10,836.84. Doc. No. 12. Defendants contended that they were exempt from the requirements of the FLSA, and continued to deny liability. Doc. No. 14. The offer of judgment to Plaintiff of $10,836.84, represents **all** of the amount Plaintiff sought.

In the offer of judgment, the Defendants agreed to pay reasonable attorney's fees and costs incurred by Plaintiff with respect to her FLSA claim as determined by the Court. Doc. No. 25-2.

Settlement via the offer of judgment of $10,836.84 to Plaintiff for unpaid wages and liquidated damages is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues; and the Plaintiff be ordered to file any motion for attorney's fee within 10 days of any order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 4, 2009.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy